# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONALD LEE TAYLOR,**

    **Petitioner,**

v.                               **CIVIL ACTION NO. 1:04CV46**
                                            **(Judge Broadwater)**

**THOMAS McBRIDE, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

### I. INTRODUCTION

On March 12, 2004, the *pro se* petitioner, Donald Lee Taylor, an inmate at the Mt. Olive Correctional Center, filed a Petition Under 28 USC §2254 for Writ of Habeas Corpus by a Person in State Custody. On June 24, 2004, the Court ordered the respondent, Thomas McBride, to answer the petition. On September 14, 2004, McBride filed Respondent's Motion to Dismiss Petition as Untimely Filed and Memorandum in Support Thereof. On September 22, 2004, the Court entered a Roseboro[1] notice advising the petitioner of his right to respond to the motion to dismiss. On September 23, 2004, the petitioner filed Petitioner's Reply to Respondent's Motion to Dismiss Petition as Untimely Filed. On October 1, 2004, the respondent filed a reply. Thereafter, on October 18, 2004, the petitioner filed Petitioner's Response to Respondent's 2nd Reply.

On May 24, 2005, the Court ordered the respondent to reply to the new ground of excusable

---

[1]Roseboro v. Garrison, 528 F. 2d 309, 310 (4th Cir. 1975).

neglect the petitioner raised in his October 18, 2004 reply. On June 10, 2005, the respondent filed a Response on Equitable Tolling, and Motion to Dismiss Petition as Successive. On June 13, 2005, the respondent filed Respondent's Supplemental Response and Exhibit on Equitable Tolling Issue. On July 7, 2005, the petitioner filed Petitioner's Reply to Respondent's Response on Equitable Tolling and Motion to Dismiss Petition as Successive.

This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.13, is ripe for review.

## II. PROCEDURAL HISTORY

### A. Conviction and Sentence

On December 7, 1989, the petitioner was convicted by a jury for the Circuit Court of Monongalia County of first degree murder with a recommendation of mercy. By order entered on February 22, 1990, the circuit court sentenced the petitioner to life imprisonment with mercy, subject to a five-year recidivist enhancement. The sentences were run consecutively to any sentence previously imposed.[2]

On October 22, 1990, the petitioner appealed his conviction and sentence to the West Virginia Supreme Court of Appeals. The Supreme Court refused the petition on November 28, 1990.

### B. State Post-Conviction Proceedings

On March 12, 1991, the petitioner filed a habeas petition in the Circuit Court of Monongalia County. An omnibus hearing was held on January 8, 1992. The circuit court denied the petition on April 21, 1992.

---

[2]The petitioner was also convicted in the Circuit Court of Taylor County. He was serving a sentence of one to ten years in the penitentiary for grand larceny which was imposed by the Taylor County Circuit Court on January 21, 1988.

The petitioner filed a petition for appeal from the denial of his habeas petition. The Supreme Court refused the petition for appeal by order entered on January 27, 1993. The petitioner's second petition for appeal out-of-time was refused by the Supreme Court with prejudice on September 29, 1993.

Thereafter, on November 22, 1993, the petitioner filed a petition for habeas relief under the original jurisdiction of the West Virginia Supreme Court of Appeals, regarding the trustworthiness of forensic tests performed by Fred S. Zain, state police serologist. On December 8, 1993, the Supreme Court issued a writ of habeas corpus ad subjiciendum and directed the warden at the penitentiary to produce the petitioner before the Circuit Court of Monongalia County. Subsequently, the circuit court conducted further proceedings into the Zain issue. By Order entered on March 4, 1994, the circuit court denied the Zain issue on its merits. The petitioner filed a notice of appeal, but he did not file an appeal. On April 20, 1995, the petitioner filed a "Petition for Appeal" of the circuit court's March 4, 1994 order. The Supreme Court considered the petition as a petition for writ of habeas corpus ad subjiciendum. The petition was summarily refused on May 17, 1995.

In 1998, the petitioner filed another petition in the Circuit Court of Monongalia County and an amended petition on February 15, 2002. By Order entered on May 15, 2003, the Circuit Court denied and dismissed the petition. The circuit court found as follows:

> It is the opinion of the Court that this serological evidence argument advanced by the Petitioner, if true, is irrelevant. The Petitioner did not contest the fact that he committed the crime, but only attempted to persuade the jury that he was acting in self-defense and under extreme provocation and therefore, should be excused for murder.
>
> ***
>
> Moreover, the Court concludes that the involvement of former Lieutenant Fred Zain in the initial serological examination of evidence collected from the crime scene and from the victim's body did not include any analysis of the specimens of a known

suspect, i.e., the Petitioner. . . .The laboratory results, if anything, were consistent with the Petitioner's own testimony and theory of his self-defense.

(March 15, 2003 Order of Circuit Court of Monongalia County  p. 8).

The petitioner filed a petition or appeal which was denied by Order entered on December 3, 2003.

C. **Federal Petition for Habeas Corpus**

On March 25, 1993, the petitioner filed a petition under 28 U.S.C. §2254 with this Court. By Order entered on August 19, 1993, the Court granted summary judgment for the respondent because the petitioner had failed to exhaust his state remedies, and dismissed the petition without prejudice. (Taylor v. Legursky, civil action no. 93-0034-E).However, after the petitioner's second habeas appeal was refused by the West Virginia Supreme Court on September 29, 1993, by order entered on October 13, 1993, the District Court granted the petitioner relief from judgment and reinstated his §2254 petition. On February 7, 1994, the Court denied the petition on the merits.

Thereafter, on July 12, 1994, the petitioner filed a second petition under 28 U.S.C.§2254 with this Court.  By Order entered on March 17, 1995, the Court dismissed the petition without prejudice for failure to exhaust his state remedies.  (Taylor v. Trent, case no. 2:94cv90).

On July 17, 1995, the petitioner filed a third petition with this Court under 28 U.S.C. §2254. By Order entered on February 28, 1996, the Court dismissed the petition without prejudice for failure to exhaust state remedies.  (Taylor v. Trent, case no.  1:95cv90).

On March 12, 2004, the petitioner filed his current §2254  petition with this Court.

**Petitioner's Contentions**

(1) Conviction obtained by the unconstitutional failure of the prosecution to disclose to defendant evidence favorable to defendant - the state withheld crime lab serology evidence that would have established the presence of a

4

third person at the scene of the alleged murder.

(2) Denial of effective assistance of counsel. Nondisclosures of serology evidence denied petitioner/counsel the right to confrontation of the serology evidence thereby rendering counsel ineffective and denying petitioner effective assistance.

(3) Petitioner was denied due process of law as protected under Art. III, §10 and 14 W.Va. Constitution and the 5th, 6th, and 14th Amendments of the United States Constitution.

(4) The state courts committed plain error as well as refused to follow the standard of review in Fred S. Zain/crime lab cases.

**Respondent's Contentions**

(1) The petition should be dismissed because it is untimely.

(2) No event occurred which should toll the statute of limitations.

(3) The petition should be dismissed as being a successive petition.

## D. Recommendation

Based upon a review of the file, the undersigned recommends that the petition be denied as being untimely. In the alternative, it is recommended that the petition be denied as being a successive petition.

### III. ANALYSIS

## A. Timeliness

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d)(1).[3]

---

[3] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this case.

Section 2244 (d)(1) provides that the period of limitation shall run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). See also Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). Further, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Harris, 209 F. 3d at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The petitioner does not assert that the State impeded the filing of his §2254 petition or that the Supreme Court created a newly recognized constitutional right which was made retroactive.

6

Thus, §2244(d)(1)(B) and (C) do not apply.

However, the petition is untimely under §2244(d)(1)(A). The petitioner's conviction became final in November 1990, prior to the enactment of AEDPA. If a prisoner's conviction became final prior to the effective date of AEDPA, he had until April 24, 1997, to file a motion pursuant to 28 U.S.C. § 2254. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). However, the petitioner did not file his §2254 petition until March 12, 2004, years after the statute of limitations had expired.

Further, the petitioner had no pending state post-conviction proceedings pending to toll the statute of limitations. In fact, the petitioner did not file any habeas petitions in state court until June 5, 1998, after the statute of limitations had expired. Thus, the 1998 state habeas petition did not toll the statute of limitations. Therefore, the petitioner's assertion that the statute of limitations did not begin to run against him until 90 days from December 3, 2003, the date the West Virginia Supreme Court of Appeals refused his petition for appeal regarding the May 15, 2003 denial of his 1998 habeas petition is without merit. Consequently, the petition is untimely under §2244(d)(1)(A).

However, it appears to the undersigned that the petitioner may be attempting to argue that his petition is timely under §2244(d)(1)(D). The petitioner asserts that matters involving Fred Zain involve new evidence and references In the Matter of an Investigation of the W.Va. State Police Crime Lab Serology Division, 438 S.E. 2d 501 (1993). However, in November 1993, the petitioner had filed a petition for habeas relief under the original jurisdiction of the West Virginia Supreme Court of Appeals in which he raised a Zain issue. The Supreme Court issued a writ returnable to the Circuit Court of Monongalia County. On December 15, 1993, the circuit court denied the Zain issue on its merits because even without the Zain evidence there was sufficient evidence to determine the petitioner's guilt beyond a reasonable doubt. Further, the circuit court found that the

7

laboratory results were consistent with the petitioner's defense.

The circuit court also denied the 1998 habeas petition and amended petition. The circuit court noted that the petitioner alleged that serological evidence may have been withheld or improperly tested by Zain. The circuit court denied the petition finding that the laboratory results were consistent with the petitioner's theory of self defense.

Thus, the investigation into the crime lab as ordered by the West Virginia Supreme Court in 1993 is not new evidence.

However, the undersigned notes that the petitioner also references an Administrative Order entered by the West Virginia Supreme Court of Appeals on June 10, 1999, in which the Supreme Court ordered an investigation into whether the work of other employees at the crime lab "should be viewed as presumptively invalid, unreliable and inadmissible." Moss v. Trent, 603 S.E.2d 656 (W.Va. 2004). The petitioner asserts that due to the re-opening of the investigation, his "petition regained 'new life.'"

In its June 10, 1999 Administrative Order the Supreme Court found as follows:

> [T]he issues regarding testimony by troopers about results in allegedly nonexistent serology testing have cast a renewed show of doubt on the State Police Laboratory Serology Division. Whether there was a practice of reporting a result for a test that was not performed and whether the newly-raised questions represent another systematic procedural deficiency at the Serology Division in unknown. It is plain, however, that information now available regarding the Lewis test raises concerns about convictions where Lewis test evidence was reported and raises concerns as to whether there were problems at the Serology Division that were not previously identified in the process of review resulting in the opinions in Zain I and Zain II. These concerns mandate a reopening of the investigation of the Serology Division.

The petitioner does not raise a claim regarding the reopened investigation. Instead, he asserts that some items were not sent to the police lab for testing and that "Zain committed misconduct in

8

the handling of the serological evidence relating to the Petitioner and this misconduct may very well have included the failure to disclose the true results or the actual destruction of exculpatory findings." The petitioner raised no ground regarding the reopened investigation. Consequently, there is no new evidence and §2244(d)(1)(D) is inapplicable. Thus, the petition is untimely.

**B. Tolling**

The undesigned now determines whether the statute of limitations should be equitably tolled. The time limit to file a §2254 petition is a statute of limitations; therefore, it is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). The doctrine of equitable tolling has been applied in two generally distinct situations. First, it has been applied in situations where the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. Id. at 330. Second, it has been applied in situations where extraordinary circumstances beyond the plaintiff's control have made it impossible to file the claims on time. Id.

The petitioner asserts that the statute of limitations should be tolled due to matters beyond his control. According to the petitioner, when he was transferred from Moundsville to Mount Olive, in March 1995, his legal papers were lost. The petitioner asserts that had his papers not been lost, the state habeas petition he filed in 1998, would have been filed before April 24, 1997, and such petition would have tolled the statue of limitations. He also asserts that he requested a copy of his file from the Circuit Court of Monongalia County but such was denied so "Petitioner ended up writing other various courts where he had previous filings and collected pertinent documents necessary."

The exhibits to the respondent's June 13, 2005 response reveal that the petitioner's

9

paperwork was accidently lost when he was transferred from Moundsville to Mount Olive. By Memorandum dated May 12, 1995, Carol Sylvester, Associate Warden-Operations advised the petitioner that she was confirming her May 8, 1995 conversation with him in which she instructed the petitioner to provide information regarding the names of attorneys, cases pending and court names so she could assist him with getting copies of his lost legal papers. By letter dated May 15, 1995, the petitioner complained about the loss of his paperwork and alleged that someone had gone through his legal papers. However, he did not provide Ms. Sylvester with the requested information. Instead, he stated that "I was in possession of documents the courts and state did not know that I had. These were documents that state and court withheld from me during my trial." He further states that "I am not at liberty to inform you at this time as to who were and from I obtained some of the documents I had, I can only assure you that I know what I had."

Moreover, the respondent has provided the Court with a copy of the Petitioner's Personal Property Form which was completed on March 6, 1995. The form indicates that legal papers were included in the Petitioner's personal items inventoried by prison officials upon his transfer to Mt. Olive, but it was not signed by the petitioner.

The confiscation of a prisoner's legal papers by a corrections officer shortly before the filing deadline may justify equitable tolling. Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000). However, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Id. at 134.

"In order to show diligence, the prisoner must show diligence not merely at the federal level,

but throughout the entire post-conviction process in order to have equitable tolling available to him." Burns v. Beck, 349 F.Supp.2d 971, 974 (M.D.N.C. 2004).

The undersigned finds that the loss of the petitioner's legal papers and court records was inadvertent and that Corrections Officials attempted to assist the petitioner is replacing the lost documents. However, the petitioner did not respond to Associate Warden Carol Sylvester's repeated requests that he identify the records he needed so that they could be replaced. In fact, the petitioner refused to identify the legal documents which were lost. Thus, the petitioner did not act diligently in obtaining his lost documents.

Further, as noted by the respondent, the petitioner did not need his lost documents to file a second habeas petition. See State ex. rel. Wyant v. Brotherton, 589 S.E. 2d 812 (W. Va. 2003). [4]

Moreover, by the time the petitioner's documents were lost, he had filed a direct appeal of his conviction in 1990, a habeas petition in state circuit court, an omnibus hearing was held, and he filed an appeal from the denial of his state habeas petition. He also filed a Zain habeas petition

---

[4] The West Virginia Supreme Court stated as follows:

> Because there is no requirement in the Habeas Corpus Rules that supporting documentation must be attached to the petition, there is no need for an inmate to utilize the FOIA to obtain court records prior to filing a petition. Once a petition is filed and survives preliminary consideration by the circuit court as detailed in Rule 4(c), there are ample provisions within the rules, in addition to discovery, to assure that the circuit court is furnished with any and all available documentation necessary for its decision on the merits. For petitions that survive Rule 4(c), the circuit court "shall order the respondent to file an answer or other pleading ... or to take such other action as the court deems appropriate." Rule 4(d), Rules Governing Post-Conviction Habeas Corpus Proceedings. Under Rule 5. State ex rel. Wyant v. Brotherton, 589 S.E.2d 812, 817 - 818 (W.Va.. 2003).

11

which was denied on its merits in 1994, and an original jurisdiction Zain habeas petition was denied by the West Virginia Supreme Court of Appeals in May 1995. Furthe,r between March 1993, and February 1996, the petitioner filed three §2254 petitions in federal court. The first one was denied on its merits and the other two were dismissed for failure to exhaust state court remedies. Thus, as the respondent contends "[i]t is therefore difficult to imagine that Petitioner was so unfamiliar with the facts of his case that he needed those documents to file *yet another* habeas petition in state court. Significantly, the 1998 petition, at issue here, dealt only with the involvement of forensic chemist Fred Zain, and was based upon the same facts as Petitioner's two previously unsuccessful state court Zain petitions." (Doc. # 19 at 5).

The petitioner fails to specifically explain how the lost legal documents prevented him from filing a state habeas petition prior to 1998. Thus, the facts as alleged do not constitute grounds for equitable tolling.

## C. Successive Petition

Even if the statute of limitations could be equitably tolled, the petition should still be dismissed because it is a successive petition.

> 28 U.S.C. §2244 (b) provides in pertinent part as follows regarding successive petitions:
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

12

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). The petitioner has had a §2254 considered on its merits. Because the petitioner must first obtain authorization from the Fourth Circuit Court of Appeals to file his successive §2254 application in this Court, and he has not done so, the petition can also be dismissed as being a successive petition.

## IV. **RECOMMENDATION**

It is recommended that the respondent's Motions to Dismiss filed on September 14, 2004, and June 10, 2005, be GRANTED and that the petitioner's §2254 petition be DENIED and DISMISSED WITH PREJUDICE because the petition is untimely or in the alternative, because it is a successive petition.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation.[5]

The Clerk of the Court is directed to mail a copy of this Recommendation to the *pro se* petitioner and the West Virginia Attorney General.

---

[5] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Dated: July 8th, 2005

/s *John S. Kaull*

**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**